**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT DEAN BLAUROCK,**

                **Petitioner,**

    **v.**                                                 **CASE NO. 21-3217-SAC**

**STATE OF KANSAS, et al.,**

                **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court dismisses this matter for lack of jurisdiction.

**Background**

In 2005 and 2006, Petitioner was convicted in Kansas state courts of numerous sex offenses and sentenced to a controlling sentence of 317 months in prison. *State v. Blaurock*, 2020 WL 593896, *1 (Kan. Ct. App. Feb. 7, 2020) (unpublished opinion) (*Blaurock VI*), *rev. denied* Sept. 29, 2020; *State v. Blaurock*, 41 Kan. App. 2d 178, 181 (Kan. Ct. App. 2009) (*Blaurock I*), *rev. denied* Nov. 5, 2009. On direct appeal, the Kansas Court of Appeals (KCOA) affirmed his convictions and sentences and the Kansas Supreme Court (KSC) denied review. *Blaurock I*, 41 Kan. App. 2d at 180-81. Petitioner then unsuccessfully sought habeas corpus relief in the state district court pursuant to K.S.A. 60-1507. *Blaurock v. State*, 2015

WL 1122935, *1 (Kan. Ct. App. March 6, 2015) (unpublished opinion)(*Blaurock II*), *rev. denied* Sept. 14, 2015. On appeal, the KCOA affirmed the denial and the KSC denied review. *Id.* at *1, 7.

In December 2015, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. *Blaurock v. State of Kansas*, Case No. 15-cv-3274-DDC, Doc. 1. In December 2016, the Court denied the petition, holding that 28 of Petitioner's 31 asserted grounds for relief were procedurally defaulted and the remaining three failed on their merits. *Blaurock v. Kansas*, 2016 WL 7157581, at *5-9-10 (D. Kan. Dec. 8, 2016)(*Blaurock III*). When this Court declined to issue a certificate of appealability (COA), Petitioner sought a COA from the United States Court of Appeals for the Tenth Circuit, which denied his request. *Id.* at *10; *Blaurock v. Kansas*, 686 Fed. Appx. 597, 614 (10th Cir. April 25, 2017) (unpublished opinion)(*Blaurock IV*).

In February 2018, Petitioner filed a pro se 60-1507 motion for habeas relief in the state district court. *Blaurock v. State*, 2019 WL 7207548 (Kan. Ct. App. Dec. 27, 2019) (unpublished opinion)(*Blaurock V*), *rev. denied* Sept. 24, 2020. The district court summarily denied the motion as untimely, successive, and meritless. *Id.* at *2. Petitioner appealed, the KCOA affirmed, and the KSC denied review. *Id.* at *1, 9. On September 10, 2021, Petitioner filed in this Court filed the current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a second and successive application for habeas corpus. As noted above, the first application was adjudicated in *Blaurock v. State*, Case No. 15-cv-3274-DDC. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, a federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Petitioner asserts four grounds for relief:  he was denied his constitutional right to effective assistance of trial counsel, based on actions and inaction related to plea negotiations and an alibi defense; direct-appeal counsel provided ineffective assistance, and Petitioner was denied his constitutional right to a fair, impartial, and mentally competent jury. *Id.* at p. 5-11.

All Petitioner's current claims were raised and adjudicated in his earlier § 2254 petition, where the Court held that the claim involving trial counsel and plea negotiations (now Ground 1) and the claim that his jury was unfair, impartial, and incompetent (now

Ground 2) were procedurally defaulted on state procedural grounds. *See Blaurock III*, 2016 WL 7157581, at *5-6. The Court further held that Petitioner's claims that his trial counsel was ineffective with respect to his alibi defense (now Ground 3) and that his direct-appeal counsel was ineffective (now Ground 4) were unexhausted and anticipatorily defaulted. *See id.* at *6-7. Because Petitioner failed to make the showings required to overcome the procedural default, the Court held that the claims were barred from federal habeas review. The Tenth Circuit concluded a reasonable jurist could not debate these findings or the resulting denial of the petition. *See Blaurock IV*, 686 Fed. Appx. at 606-07.

Repeated litigation of virtually identical causes of cation may be deemed frivolous or malicious. *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013); *see also Thomas v. Mitchell*, 2020 WL 68379 (D. Kan. Jan. 7, 2020) (memorandum and order) (applying *Childs* to habeas petition). Moreover, 28 U.S.C. § 2244(b)(1) requires this court to dismiss any "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application." Thus, the Court determines that transferring this matter to the Tenth Circuit would not serve the interest of justice. If he wishes, Petitioner may independently apply to the Tenth Circuit for authorization to proceed with this petition.

The Court also concludes that its ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized second or successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 15th day of September, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge